IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Larry Antonio Simmons, ) | |
| ) | Case No. 2:10-cr-653-PMD |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

    Larry Simmons ("Petitioner"), a federal prisoner proceeding *pro se*, moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 92). The United States ("Government") has filed a motion to dismiss (ECF No. 95). The Court has thoroughly reviewed the record and finds this matter suitable for disposition without an evidentiary hearing. For the reasons set forth herein, the Court dismisses Petitioner's § 2255 motion.

    In 2013, this Court sentenced him to 262 months in prison for possession with intent to distribute crack cocaine. The sentence resulted from the Court's determination that Petitioner was a career offender. *See* U.S.S.G. § 4B1.1. Petitioner claims he must be resentenced because the Court based its career-offender finding on two prior convictions that, under *Johnson v. United States*, 135 S. Ct. 2551 (2015), no longer qualify as career-offender predicate offenses.

    The Government argues Petitioner's § 2255 motion is not properly before the Court. The Court does not reach the Government's arguments, as Petitioner's claim plainly fails on the merits.

    The United States Sentencing Guidelines define a career offender as someone who, *inter alia*, "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. Petitioner claims that this Court treated two of his prior

convictions—resisting arrest and criminal domestic violence—as predicate crimes of violence under § 4B1.1 and that *Johnson* prohibits the classification of those convictions as crimes of violence.[1] Petitioner's argument turns on a mistaken factual premise. The Court did not find that any of Petitioner's prior offenses were predicate crimes of violence under § 4B1.1. Rather, it found that Petitioner's prior convictions for separate incidents of possession with intent to distribute crack cocaine constituted two predicate controlled substance offenses. In other words, the Court's career-offender finding had nothing to do with Petitioner's resisting-arrest and criminal domestic violence convictions or with the crime-of-violence portion of § 4B1.1. Accordingly, even assuming that there are no procedural impediments to Petitioner's § 2255 motion and that *Johnson* applies to the Sentencing Guidelines, Petitioner's claim fails because his career-offender designation was based matters unrelated to *Johnson*.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that the Government's motion to dismiss is **GRANTED** and that Petitioner's § 2255 motion is **DENIED**. The Court declines to issue a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**April 22, 2016**
**Charleston, South Carolina**

---

[1] Petitioner also appears to argue that those two crimes could not count as predicate offenses because he was not sentenced to prison for them.