# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Larry Antonio Simmons, | ) |
|                Petitioner, | ) Case No. 2:10-cr-653-PMD |
| v. | ) **ORDER** |
| United States of America, | ) |
|                Respondent. | ) |

Federal prisoner Larry Simmons has filed a *pro se* motion attacking the sentence this Court imposed upon him (ECF No. 114). For the following reasons, the Court dismisses the motion for lack of jurisdiction.

In 2012, Simmons pled guilty to one count of possession with intent to distribute crack cocaine. *See* 21 U.S.C. § 841(a)(1), (b)(1)(B). Before the hearing, the Government filed an information stating Simmons was subject to enhanced penalties because of his criminal history. *See* 21 U.S.C. § 851. Based in part on the § 851 information, the Court sentenced Simmons to 262 months in prison.

In the motion at bar, Simmons contends this Court lacked jurisdiction to impose any enhanced penalties because the Court and the Government failed to comply with some of § 851's procedural requirements. Importantly, however, Simmons has not specified what type of motion this is. Consequently, and as part of its duty to construe *pro se* filings liberally, the Court begins its consideration of Simmons' motion by classifying it according to its contents. *See United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003).

A federal prisoner may challenge his sentence on the ground that the sentencing court "was without jurisdiction to impose" it. 28 U.S.C. § 2255(a). Simmons' claims fit neatly within

that provision. *See, e.g.*, *United States v. Farmer*, No. 16-7691, 2017 WL 1241981, at *1 (4th Cir. Apr. 4, 2017) (per curiam) (finding motion challenging enhancement of sentence under § 851 "was in substance" a § 2255 motion); *Rice v. Lamanna*, 451 F. Supp. 2d 755, 758 (D.S.C. 2006) (stating § 2255 encompassed claim that purported violation of § 851 deprived court of jurisdiction to impose enhanced sentence). Thus, the Court finds that Simmons' motion is a § 2255 motion.

Simmons has already filed, and lost, one § 2255 motion.[1] Congress has restricted prisoners' ability to assert "second or successive" § 2255 motions. *See* 28 U.S.C. §§ 2244(b), 2255(h). A § 2255 motion attacking a particular sentence is successive if it is filed after an earlier § 2255 motion attacking that same sentence was denied on the merits. *See, e.g.*, *Anderson v. Holland*, No. 2:13-cv-1115-JFA-BHH, 2013 WL 4496073, at *5 (D.S.C. Aug. 20, 2013) ("To be considered successive, the second or subsequent petition must be a second attack on the same [sentence], and the first petition must have been finally adjudicated on the merits."). Simmons' first § 2255 motion challenged the same sentence at issue here, and the Court denied that motion explicitly for lack of merit. Thus, Simmons' current § 2255 motion is successive.

A prisoner cannot file a successive § 2255 motion unless a panel of the appropriate court of appeals first certifies that the motion contains a claim relying on:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

---

1. Last year, Simmons filed a § 2255 motion challenging his designation as a career offender under the United States Sentencing Guidelines. This Court denied the motion on the merits and declined to issue a certificate of appealability. (*See* ECF No. 99.) Simmons attempted to appeal, but the Fourth Circuit likewise declined to issue a certificate and then dismissed the appeal. *United States v. Simmons*, 670 F. App'x 817, 818 (4th Cir. 2016) (per curiam).

28 U.S.C. § 2255(h). Nothing in the record indicates that the Fourth Circuit has issued such a certification here. Without that certification, this Court lacks jurisdiction to review the motion. *See Winestock*, 340 F.3d at 205.

When this Court receives an unauthorized successive § 2255 motion, it "must either dismiss the motion for lack of jurisdiction or transfer it to" the Fourth Circuit so that court can "perform [its] gatekeeping function under § 2244(b)(3)." *Winestock*, 340 F.3d at 207. Here, it is better to dismiss so that Simmons, if he desires, may petition the Fourth Circuit for filing authorization.

For the foregoing reasons, it is **ORDERED** that Simmons' motion is hereby **DISMISSED** without prejudice. The Court declines to issue a certificate of appealability.[2]

AND IT IS SO ORDERED.

PATRICK MICHAEL DUFFY
United States District Judge

**July 7, 2017**
**Charleston, South Carolina**

---

2. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that the merits of his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Scott has not satisfied that standard. Accordingly, the Court declines to issue a certificate of appealability. *See* R. 11(a), § 2255 Rules.

3